UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOETTE WARD,

        Plaintiff,

v.                                              Case No. 09-C-431

UNUM LIFE INS. CO. OF AMERICA,

        Defendant.

**DECISION AND ORDER**

In this ERISA action, both sides have moved for summary judgment. Everyone agrees that the Plaintiff, Joette Ward, is entitled to long-term disability benefits under the Defendant Unum's policy, which it issued to Ward through Ward's employer. The only dispute is over how much Ward's monthly check should be. The monthly benefit owed under the policy is based upon Ward's "monthly earnings," and the Court is called upon to answer the discrete question of whether Ward's additional earnings earned under her employer's "weekend option program" constitute "monthly earnings" under the policy. More particularly, the Court is asked to decide whether Unum's decision that the earnings do *not* qualify was arbitrary and capricious. For the reasons given below, I conclude that Unum's interpretation of the policy cannot be overturned.

The background necessary to understand the dispute is quite limited. Joette Ward worked as a nurse at St. Clare's Hospital in Weston, Wisconsin under the hospital's "weekend option." The hospital developed that program to "enhance recruitment and retention of employees in weekend operating departments." (Neta Aff., Ex. 2.) Employees participating in the program agreed to work

11 of 12 weekends for the course of a year (either two or three 12-hour shifts). In return, the employee would be paid time and a half. "The 24 or 36 hours of regular work time will be compensated at a rate of pay equal to 36 or 54 hours. For example, you work 24 hours and you will be compensated at a rate of pay for 36 hours; or you work 36 hours and you will be compensated at a rate of pay equal to 54 hours." (*Id.* ¶ 2.) Thus, under this program, a weekend employee could receive the equivalent of overtime pay for all of her hours worked, even if she did not work more than 40 hours in the week: *every* weekend hour was paid at time and a half.

Ward became disabled and received short-term disability benefits under her company's short-term policy. Unum calculated that she had "Base Monthly Earnings" (BME) under its policy of $4,867.20 and paid her two-thirds of that amount every month, pursuant to the policy. When the short-term disability eligibility ended and Ward was found eligible under the long-term policy, however, Unum recalculated her BME at $4,104.87 and reduced Ward's monthly check accordingly. Unum recalculated the amount based on its conclusion that the additional pay Ward received pursuant to the weekend option plan was not properly counted in her BME. The propriety of that determination is the sole question presently before me.

The Unum policy defines Base Monthly Earnings as follows:

'Monthly Earnings' means your base gross monthly income from your Employer in effect just prior to your date of disability. It includes your total income before taxes. It is prior to any deductions made for pre-tax contributions to a qualified deferred compensation plan, Section 125 plan, or flexible spending account. It does not include income received from commissions, bonuses, overtime pay, shift and other pay differentials, or any other extra compensation, or any income received from sources other than your Employer.

(Neta Aff., Ex. 4 at LTD-BEN-2.)

In calculating BME, Unum's policy was to cap an employee's hours per pay period (two

weeks) at 80 hours, thus excluding overtime. Ward, however, was credited by her employer with working 108 hours (54 hours per weekend after working 36 hours) during a pay period, and she argues that she should be entitled to benefits based on those hours because they are the result of a compensation program rather than actual overtime hours. In short, she does not believe that the extra compensation she received under the weekend option program should be treated as "extra" by Unum at all. The higher weekend pay was not "additional" pay – it was essentially her actual pay because that is what she and her employer agreed to.

Unum notes that Ward's employer paid her premiums based on her working 36 hours per work, not the 54 which it credited her for under the weekend option. Its principal argument, however, relies upon its assertion that the disability plan grants it the discretion to interpret eligibility and plan provisions.[1] When an ERISA plan grants discretionary authority to a plan administrator to make benefit determinations and interpret plan terms, a court cannot overturn such decisions unless they are arbitrary or capricious. *Green v. UPS Health and Welfare Package for Retired Employees,* 595 F.3d 734, 738 (7th Cir. 2010) ("A plan administrator's interpretation is not arbitrary and capricious if it falls within the range of reasonable interpretations.") The key clause

---

[1]Here, Plaintiff has not challenged Unum's argument that the policy affords Unum discretionary authority to interpret eligibility and plan terms. (She makes an ambiguity argument, but that is different.) For the sake of completeness, however, I note that the clause at issue is not as clear on the point as it could be. It simply notes that the Plan delegates to Unum the discretion to make benefit determinations regarding eligibility and the amount of benefits to be paid. It further notes that in an ERISA action, "[t]he court will determine the standard of review it will apply in evaluating those decisions." (Neta Aff., Ex. 4 at ADDLINFO-3.) Although the policy's grant of discretion is not plenary, I conclude that it is close to the "safe harbor" clause recommended by the Seventh Circuit. *See Herzberger v. Standard Ins. Co.* 205 F.3d 327, 331 (7th Cir. 2000) ("We have therefore drafted, and commend to employers, the following "safe harbor" language for inclusion in ERISA plans: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them.") And because Plaintiff has not argued the point, it is waived in any event.

3

at issue here is the policy's exclusion of "any other extra compensation" from the base monthly earnings calculation. Clearly, Unum argues, it is neither arbitrary nor capricious to decide that an employee's earnings resulting from what is essentially a weekend bonus plan were "extra compensation."

Unum is correct. Plaintiff certainly has a reasonable argument that she signed up for a program that effectively boosted her earnings. It was not a short-term, overtime-style program, it was a policy that required a long-term commitment to work weekends, and by participating in the program she effectively gave herself a quasi-permanent raise. As such, the weekend rate was actually her base rate and should be the rate used in calculating her monthly earnings. Even so, the question is not whether Plaintiff's argument is a reasonable one, it is whether Unum's determination to the contrary is so unsupportable that it is outside "the range of reasonable interpretations." *Id.* Unum believes Ward's earnings were boosted in a fashion similar to an employee who simply worked overtime during the month prior to her disability. Lots of employees work overtime on a very regular or even permanent basis, and their extra income would be excluded, so why should Ward be treated any differently? Moreover, Ward's eligibility for the extra weekend earnings was not set in stone, but was contingent on the employer's ability to "successfully meet its staffing model and may be discontinued based upon patient care needs." (Neta Aff., Ex. 2.) Moreover, Ward had a "base rate" at the hospital that would be used if she worked on weekdays. In essence, although Ward may have been a participant in the weekend program during the month prior to her disability, that does not mean she was *entitled* to be in that program or that she was considered to have a set salary in excess of her base rate. As such, any money she earned on top of her base rate that month are reasonably deemed "extra" earnings, which are excluded from the benefits

calculation. This is underscored by the fact that the earnings definition speaks of the employee's "*base* gross monthly income." Because the policy uses the "base" income as a starting point, Unum is not arbitrary in concluding that anything on top of that can be excluded, and it need not matter whether the additional income comes from overtime, bonus, or a longer-term weekend plan like St. Clare's. In sum, Unum's decision to exclude Ward's additional income was neither arbitrary nor capricious.[2]

For the reasons given above, the Plaintiff's motion for summary judgment is **DENIED**, and the Defendant's is **GRANTED**. The case is **DISMISSED**.

**SO ORDERED** this 3rd day of June, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[2]Plaintiff asserts that the policy is ambiguous and that the doctrine of *contra proferentem* should apply, meaning that ambiguous terms should be construed against the drafter, Unum. But having failed to contest Unum's assertion that the policy grants it discretionary authority to construe plan terms, Plaintiff has forsworn such an argument. *See, e.g., Winters v. Costco Wholesale Corp.,* 49 F.3d 550, 554 (9th Cir.1995) ("We hold that the rule of contra proferentem is not applicable to self-funded ERISA plans that bestow explicit discretionary authority upon an administrator to determine eligibility for benefits or to construe the terms of the plan.")