# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOETTE WARD,

          Plaintiff,

     v.                                        Case No. 09-C-431

UNUM LIFE INS. CO. OF AMERICA,

          Defendant.

## ORDER VACATING JUDGMENT

In this (purported) ERISA action, this Court entered judgment in favor of the Defendant on June 4, 2010. On June 23, the Plaintiff filed a motion to vacate the judgment under Rule 59 or 60 on the grounds that the plan was not an ERISA plan at all but a "church" plan under 29 U.S.C. § 1002(33), which is not subject to ERISA. If correct, that would mean that this Court lacked subject matter jurisdiction over the dispute because there was no federal claim. "If the disability plan [is] a church plan, no federal question would exist because the plan would not be covered by ERISA ... we must remand the case to state court if the disability plan [is] a church plan." *Lown v. Cont'l Cas. Co.,* 238 F.3d 543, 547 (4th Cir. 2001).

If Plaintiff is correct, there is little doubt that Rule 60(b)(4) – allowing relief from "void" judgments – would provide relief. Courts maintain a constant duty to police their own subject matter jurisdiction, which means that typical procedural hurdles such as waiver and tardiness play little role in such questions. The Seventh Circuit has explained:

"[I]t has been the virtually universally accepted practice of the federal courts to

permit any party to challenge or, indeed, to raise sua sponte the subject-matter jurisdiction of the court at any time and at any stage of the proceedings." *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir.1980). The Federal Rules of Civil Procedure are no less insistent: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself. The order denying Ontario's second [Rule 60(b)] motion for relief was therefore in error, and the district court should have taken up the issue.

*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008).

In sum, given the importance of the jurisdictional question, courts invariably opt for correctness over finality. The fact that new matters have come to light only after this Court entered judgment is unfortunate, but the timing of the revelation poses no bar to consideration of the jurisdictional question. *Robinson Eng'g Co. Pension Plan & Trust v. George,* 223 F.3d 445, 448 (7th Cir. 2000) ("A judgment is void for the purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.").

I now turn to the merits underlying the motion for reconsideration. The Sixth Circuit has explained the church plan exception as follows:

Church plans are not ERISA plans. "The term 'church plan' means a plan established and maintained ... for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C.A. § 1002(33)(A) (2005). Further, the statute defines church plans to include plans "established and maintained for its employees by a church or by a convention or association of churches includ[ing] a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or convention or association of churches...." 29 U.S.C.A. § 1002(33)(C)(i) (emphasis added). "An

organization, whether a civil law corporation or otherwise, is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C.A. § 1002(33)(C)(iv). For example, an organization is controlled by a church when a majority of the officers or directors are appointed by a church's governing board or by officials of a church. 26 C.F.R. § 1.414(e)-1(d)(2). The regulations also state that an organization is associated with a church if it shares common religious bonds and convictions with that church. *Id.*

*Chronister v. Baptist Health,* 442 F.3d 648, 651-52 (8th Cir. 2006).

Thus, the key question is whether the plan at issue here is a "plan established . . . by a church." 29 U.S.C. § 1002(33)(A). On its face, the answer is "no" because the plan was established by Plaintiff's employer, a company called Ministry Health Care, Inc. No one argues that Ministry Health Care, Inc. is itself a "church," at least in the traditional sense of word. But the statute also provides that plans established by non-church corporations may be "church plans" if the organization "is controlled by or associated with a church." 29 U.S.C. § 1002(33)(C)(I). To be "associated with a church," the corporation must share "common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C. § 1002(33)(C)(iv).[1] The Fourth Circuit has concluded that three questions speak to the inquiry of whether an organization is associated with a church: 1) whether the religious institution plays any official role in the governance of the organization; 2) whether the organization receives assistance from the religious institution; and 3) whether a denominational requirement exists for any employee or patient /

---

[1] The statute further provides that such corporation must have a principal purpose or function in "the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches." But courts have not applied this requirement in cases like this on the grounds that the definition of "employee of a church" broadens the scope of the church plan definition significantly. *See, e.g., Welsh v. Ascension Health,* 2009 WL 1444431 (N.D. Fla. 2009); *Rinehart v. Life Ins. Co. of North America,* 2009 WL 995715 (W.D. Wash. 2009).

customer of the organization. *Lown,* 238 F.3d at 548. (As Plaintiff notes, the source of this final factor is unclear.)

Here, Plaintiff notes that Ministry Health Care, Inc. was chartered as a § 501(c)(3) organization whose purpose is "to assist the Roman Catholic Order known as the Sisters of the Sorrowful Mother . . . to achieve its apostolic mission; to provide health care and related education and structures which help direct and coordinate the health care system; to guide and enable the functioning of Gospel values within the Sisters of the Sorrowful Mother ministries so that resources are developed, focused, and extended in ways that promote the mission of the Sisters of the Sorrowful Mother; and facilitate planning and cooperation with the Corporate Members." (Neta Aff., Ex. B.) Plaintiff also cites other factors that show a strong relationship between the Roman Catholic Church, the Sisters of the Sorrowful Mother, and Ministry Health Care, Inc. Most telling: of the sixteen members of Ministry Health Care's board, half of them are Sisters of the Sorrowful Mother, and two of the five officers of the company – its vice-president and secretary – are Sisters as well. (Hamilton Aff., Ex. A.)

Unum points out that patients and employees of Ministry Health need not be Roman Catholic, but it is difficult to imagine a health provider that would discriminate against non-Catholic patients and hire only Catholic doctors, nurses and other staff. In fact the statutory test does not ask about the employees and patients or customers but about the organization itself, and here there is little doubt that the Sisters of the Sorrowful Mother, whose affiliation with the Roman Catholic Church is not questioned, play a key role in Ministry Health's organization. As such, I conclude that Ministry Health Care, Inc. is at least "associated with a church" under 29 U.S.C. § 1002(33)(C)(I). Accordingly, the plan at issue here is a "church plan" and not governed by ERISA.

The motion to vacate is **GRANTED**.  The judgment entered in this action on June 4, 2010 is **VACATED** and the case is **REMANDED** to Brown County Circuit Court for further proceedings.  The motion to strike is **DENIED**.[2]

 **SO ORDERED** this 25th day of October, 2010.


              /s William C. Griesbach
           William C. Griesbach
           United States District Judge

---

[2]As stated above, on jurisdictional questions courts err on the side of correctness and need not enforce procedural rules governing briefing.